IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GRADY JACKSON, JR., :
:
    Plaintiff :
: CIVIL NO. 3:CV-13-0641
v. :
: (Judge Caputo)
WELLIVER, *et al.*, :
:
    Defendants :

## MEMORANDUM

**I. Introduction**

On May 18, 2011, Mr. Jackson was transported from FCI Allenwood to a local hospital for a medical procedure. (Doc. 30, Am. Compl.) On the return trip, Mr. Jackson was placed in restraints by CO Robatin and then boarded a Bureau of Prisons' (BOP) van that was driven by CO Welliver. (*Id.*) During the course of the trip, CO Welliver quickly applied the van's brakes, causing Mr. Jackson to be thrown forward into the security bulkhead. Mr. Jackson was knocked unconscious and sustained other injuries as a result of this incident. (*Id.*) Mr. Jackson initiated this action pursuant to 28 U.S.C. § 1331 and the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346(b).

Presently before the Court is Mr. Jackson's motion for preliminary injunction seeking the Court to compel officials at USP Coleman's Special Housing Unit (SHU) to provide him with flex pens, access to a photocopier, and an electronic law library to conduct legal research. (Doc. 39, Mot. for Prelimin. Inj.) For the reasons that follow, the motion will be denied.

## II. Standard of Review

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). "The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997). The decision whether to grant a preliminary injunction is left to the sound discretion of the Court. *See Am. Exp. Travel Related Servs., Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012).

In determining whether to grant a motion seeking preliminary injunctive relief, a court must consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

*See N.J. Retail Merchs. Ass'n. v. Sidamon-Eristoff*, 669 F.3d 374, 385 (3d Cir. 2012). If the moving party is unable to establish each element in his favor, a preliminary injunction should not issue. *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). The Third Circuit Court of Appeals has accorded particular weight to the first two injunction factors: irreparable harm and likelihood of success on the merits. *See Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d. Cir. 1990) (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)("[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent.")).

A prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. See *Weaver v. Wilcox*, 650 F.2d 22, 27 n. 13 (3d Cir. 1981) (concluding that the prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages.)

III. **Discussion**

Instantly, there are two major problems with Mr. Jackson's request for injunctive relief. First, the only claim in this action relates to the events of May 18, 2011, when Mr. Jackson was transported from the local hospital to USP Allenwood. However, Mr. Jackson seeks injunctive relief pertaining to his access to pens, a photocopier, and legal research materials at USP Coleman. Mr. Jackson's access-to-courts claim presented in his motion for injunctive relief is separate and distinct from the claims set forth in his Amended Complaint. A court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-199 (2d Cir. 1985). "Because the purpose of preliminary injunctive relief is to maintain the status quo or prevent irreparable injury pending the resolution of an underlying claim on the merits, the injury claimed in a motion for such relief must necessarily relate to the conduct alleged and permanent relief sought in a plaintiff's complaint." *Africa v. Vaughn*, Civ. No. 96-649, 1996 WL 677515, at p. 1 (E.D. Pa. Nov. 21, 1996) citing

*Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Stewart*, 762 F.2d at 198-199.

Second, Mr. Jackson seeks injunctive relief against unidentified USP Coleman officials over whom this Court lacks personal jurisdiction. USP Coleman is located in Florida and well outside the jurisdiction of the Middle District of Pennsylvania. Moreover, Mr. Jackson's motion for preliminary injunction related to issues at USP Coleman are now moot as he is no longer housed there. Mr. Jackson notified the Court of his February 12, 2014, transfer from USP Coleman.[1] *See* Doc. 44, Notice Change Address. It is well established that a prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the conditions he alleges are unconstitutional. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993).

An appropriate Order follows.

*[signature]*
A. RICHARD CAPUTO
United States District Judge

Date: February 26, 2014

---

[1] The BOP inmate locator shows Mr. Jackson's present location as the Federal Transfer Facility in Oklahoma City, Oklahoma City, Oklahoma. *See* http://www.bop.gov/inmateloc/.